IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-41410
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

SAUL VELASQUEZ-LARIOS,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-01-CR-348-1
--------------------
December 12, 2002

Before JOLLY, JONES, and WIENER, Circuit Judges.

PER CURIAM:[*]

    Saul Velasquez-Larios (Velasquez) appeals his guilty-plea

conviction and sentence for illegal reentry following deportation

in violation of 8 U.S.C. § 1326(a) and (b)(2).  Velasquez argues

that the district court plainly erred in imposing a 16-level

sentence enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(i)

because the "sentence imposed" for his prior drug-trafficking

conviction did not exceed 13 months.  He also argues that the

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

sentencing-enhancing provisions of 8 U.S.C. § 1326(b) are unconstitutional in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000).

As Velasquez states, whether "sentence imposed" under U.S.S.G. § 2L1.2(b)(1)(A)(i) means the sentence originally imposed or the sentence imposed upon revocation of probation is an issue of first impression in this circuit. Given the lack of controlling authority, any error by the district court in applying the enhancement was not clear or obvious and, therefore, does not meet the plain-error standard. <u>United States v. Calverley</u>, 37 F.3d 160, 162-64 (5th Cir. 1994)(en banc), <u>abrogated in part</u>, <u>Johnson v. United States</u>, 520 U.S. 461 (1997).

Velasquez's constitutional challenge to 8 U.S.C. § 1326(b) is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998), which this court must follow "unless and until the Supreme Court itself determines to overrule it." <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000), <u>cert. denied</u>, 531 U.S. 1202 (2001).

Based on the foregoing, the district court's judgment is AFFIRMED.